IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **LINDA ANN DEEL,** | ) |
| Plaintiff | )  Civil Action No. 2:21cv00004 |
| | ) |
| v. | )  **REPORT AND** |
| | )  **RECOMMENDATION** |
| **KILOLO KIJAKAZI,**[1] | ) |
| **Acting Commissioner of Social** | )  By: PAMELA MEADE SARGENT |
| **Security,** | )      United States Magistrate Judge |
| Defendant | ) |

*I. Background and Standard of Review*

Plaintiff, Linda Ann Deel, ("Deel"), filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C. § 423 *et seq.* Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

The court's review in this case is limited to determining if the factual findings of the Commissioner are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

preponderance." *Laws v. Celebrezze,* 368 F.2d 640, 642 (4th Cir. 1966). "'If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Laws*, 368 F.2d at 642).

The record shows that Deel protectively filed her application for DIB[2] on May 8, 2018, alleging disability as of December 30, 2017, based on arthritis, a back injury and plantar fasciitis. (Record, ("R."), at 15, 192, 216.) The claim was denied initially and upon reconsideration. (R. at 62-73, 76-88, 94-96, 99-100, 103-05, 107-09.) Deel then requested a hearing before an administrative law judge, ("ALJ"). (R. at 110-11.) The ALJ held a hearing on April 28, 2020, at which Deel was represented by counsel. (R. at 32-61.)

By decision dated May 6, 2020, the ALJ denied Deel's claim. (R. at 15-26.) The ALJ found Deel met the nondisability insured status requirements of the Act for DIB purposes through March 31, 2023. (R. at 17.) The ALJ found Deel had not engaged in substantial gainful activity since December 30, 2017,[3] the alleged onset date. (R. at 17.) The ALJ determined Deel had severe impairments, namely obesity, lumbar spine degeneration, shoulder degeneration and knee degeneration, but he found Deel did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 17-19.) The ALJ found Deel had the residual functional capacity

---

[2] Plaintiff's Brief argues that Deel filed for both DIB and SSI, but her application clearly states that she did not want to file for SSI benefits. (R. at 161.)

[3] Therefore, Deel must show she was disabled between December 30, 2017, the alleged onset date, and May 6, 2020, the date of the ALJ's decision, to be eligible for benefits.

to perform light[4] work except that Deel could stand for four hours and walk for four hours, occasionally operate foot controls with the right foot, climb ramps and stairs, balance, stoop, kneel, crouch and crawl, work in humidity and wetness, in extreme cold or extreme heat, around vibration and around hazardous machinery and never reach overhead to the right, climb ladders, ropes or scaffolds or work at unprotected heights. (R. at 19-24.) The ALJ found Deel was unable to perform any of her past work. (R. at 24-25.) Based on Deel's age, education, work history and residual functional capacity and the testimony of a vocational expert, the ALJ found a significant number of jobs existed in the national economy that Deel could perform, including the jobs of a billing clerk, a credit card clerk and a cost clerk. (R. at 25-26.) Thus, the ALJ concluded Deel was not under a disability as defined by the Act from December 30, 2017, through the date of the decision, and she was not eligible for DIB benefits. (R. at 26.) *See* 20 C.F.R. § 404.1520(g) (2020).

After the ALJ issued his decision, Deel pursued her administrative appeals, (R. at 155-57), but the Appeals Council denied her request for review. (R. at 1-3.) Deel then filed this action seeking review of the ALJ's unfavorable decision, which now stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981 (2020). This case is before this court on Deel's motion for summary judgment filed June 11, 2021, and the Commissioner's motion for summary judgment filed July 12, 2021.

---

[4] Light work involves lifting items weighing up to 20 pounds at a time with frequent lifting or carrying of items weighing up to 10 pounds. If someone can perform light work, she also can perform sedentary work. *See* 20 C.F.R. § 404.1567(b) (2020).

*II. Facts*

Deel was born in 1957, (R. at 25, 161), which, at the time of her alleged onset date, classified her as person "closely approaching retirement age" under 20 C.F.R. § 404.1563(e). Deel graduated high school. (R. at 40.) She has past relevant work as a customer service representative and a loan officer for a bank. (R. at 41-43.) Deel testified that she had difficulty standing and sitting in her job. (R. at 44-45.)

In rendering his decision, the ALJ reviewed records from Howard S. Leizer, Ph.D., a state agency psychologist; Dr. Robert McGuffin, M.D., a state agency physician; Julie Jennings, Ph.D., a state agency psychologist; Dr. Jack Hutcheson, M.D., a state agency physician; Norton Community Hospital; Wellmont Health System; Dr. Kevin Blackwell, D.O.; HMG Orthopedics & Podiatry; HMG Gastroenterology; BHMA Neurosurgery and Spine; BHMA Appalachian Healthcare Pediatrics and Family Medicine; Appalachian Rehabilitation Team, Inc.; Ballad Health Spine and Rehab; Bristol Regional Medical Center; and Associated Orthopaedics of Kingsport.

On initial consideration, state agency physician, Dr. Robert McGuffin, M.D., on September 11, 2018, completed a Residual Functional Capacity assessment of Deel. (R. at 68-70.) Dr. McGuffin stated that Deel could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, and she could stand and/or walk four hours and sit about six hours in an eight-hour workday. (R. at 69.) He stated that Deel's ability to push/pull was limited to occasional in her right lower extremity. (R. at 69.) He opined that Deel could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl and never climb ladders/ropes/scaffolds. (R. at 69-70.) He stated she should avoid concentrated exposure to hazards, such as machinery and heights. (R. at 69.)

On reconsideration, on February 5, 2019, state agency physician, Dr. Jack Hutcheson, M.D., completed a Residual Functional Capacity assessment of Deel. (R. at 83-86.) Dr. Hutcheson stated that Deel could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, and she could stand and/or walk four hours and sit about six hours in an eight-hour workday. (R. at 83.) He stated that Deel's ability to push/pull was limited to occasional in her right lower extremity. (R. at 84.) He opined that Deel could occasionally climb ramps/stairs, balance, stoop, kneel, crouch and crawl and never climb ladders/ropes/scaffolds. (R. at 84.) Dr. Hutcheson also stated that Deel's ability to reach overhead on the right was limited, and she should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration and hazards, such as machinery and heights. (R. at 84-85.)

### III. Analysis

The Commissioner uses a five-step process in evaluating DIB claims. *See* 20 C.F.R. § 404.1520 (2020). *See also Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). This process requires the Commissioner to consider, in order, whether a claimant 1) is working; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of a listed impairment; 4) can return to her past relevant work; and 5) if not, whether she can perform other work. *See* 20 C.F.R. § 404.1520. If the Commissioner finds conclusively that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *See* 20 C.F.R. § 404.1520(a)(4) (2020).

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a prima facie case of disability, the burden shifts to the

Commissioner. To satisfy this burden, the Commissioner must then establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience and impairments, to perform alternative jobs that exist in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall*, 658 F.2d at 264-65; *Wilson v. Califano*, 617 F.2d 1050, 1053 (4th Cir. 1980).

As stated above, the court's function in this case is limited to determining whether substantial evidence exists in the record to support the ALJ's findings. This court must not weigh the evidence, as this court lacks authority to substitute its judgment for that of the Commissioner, provided her decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. In determining whether substantial evidence supports the Commissioner's decision, the court also must consider whether the ALJ analyzed all the relevant evidence and whether the ALJ sufficiently explained his findings and his rationale in crediting evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

Deel argues that the ALJ erred by improperly determining her residual functional capacity. (Plaintiff's Memorandum In Support Of Motion For Summary Judgment, ("Plaintiff's Brief"), at 9-11.) Specifically, Deel argues the ALJ erred by failing to give full consideration to the opinions of her examining and reviewing sources. (Plaintiff's Brief at 9-12.)

Because this matter involves a claim filed after March 27, 2017, a new regulatory framework applies to the ALJ's evaluation of medical opinions in the record. For applications filed on or after March 27, 2017, the Social Security Administration, ("SSA"), has enacted substantial revisions to the regulations governing the evaluation of opinion evidence. *See* Revisions to Rules Regarding the

Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017)). Under the new regulations, ALJs no longer are required to assign an evidentiary weight to medical opinions or to accord special deference to treating source opinions. *See* 20 C.F.R. § 404.1520c(a) (2020) (providing that ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources").[7]

Instead, an ALJ must consider and articulate how *persuasive* he finds all the medical opinions and all prior administrative medical findings in a claimant's case record based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the opinion. *See* 20 C.F.R. § 404.1520c(b), (c)(1)-(5) (2020) (emphasis added). Moreover, when a medical source provides more than one opinion or finding, the ALJ will evaluate the persuasiveness of such opinions or findings "together in a single analysis" and need not articulate how he or she considered those opinions or findings "individually." 20 C.F.R. § 404.1520c(b)(1) (2020).

In evaluating the persuasiveness of an opinion or finding, the SSA deems supportability and consistency "the most important factors," and, thus, the ALJ must address those two factors in evaluating the persuasiveness of medical opinions or

---

[7] The new regulations define a "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities to perform the physical, mental or other demands of work activity or to adapt to environmental conditions. 20 C.F.R. § 404.1513(a)(2) (2020). Those regulations also define a "prior administrative medical finding" as a "finding, other than the ultimate determination about whether [a claimant is] disabled, about a medical issue made by [the SSA's] Federal and State agency medical and psychological consultants at a prior level of review." 20 C.F.R. § 404.1513(a)(5) (2020).

prior administrative medical findings. 20 C.F.R. § 404.1520c(b)(2) (2020).[8] In evaluating the supportability of a medical opinion, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions … will be." 20 C.F.R. § 404.1520c(c)(1). In assessing the consistency factor, "[t]he more consistent a medical opinion(s) … is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) … will be." 20 C.F.R. § 404.1520c(c)(2).

The new regulations also alter the way the ALJ discusses the medical opinions or findings in the text of the decision. *See* 20 C.F.R. § 404.1520c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he considered each of them. Instead, when articulating his finding about whether an opinion is persuasive, the ALJ need only explain how he considered "the most important factors" of supportability and consistency. *See* 20 C.F.R. § 404.1520c(b)(2). The ALJ may comment on the other factors, including the source's relationship with the claimant, but generally has no obligation to do so. *See* 20 C.F.R. § 404.1520c(b)(2)-(3) (2020).

When the ALJ finds two or more opinions or findings about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must consider the most persuasive factors, including the nature and extent of the medical source's relationship with the claimant and area of specialization, as well as the catch-all "other factors that tend to support or contradict

---

[8] "Supportability" means "[t]he extent to which a medical source's opinion is supported by relevant objective medical evidence and the source's supporting explanation." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(1). "Consistency" denotes "the extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules, 82 Fed. Reg. at 5853; *see also* 20 C.F.R. § 404.1520c(c)(2).

a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(b)(3), (c)(3)-(5).

Deel argues the ALJ erred by improperly determining her ability to stand and/or walk. (Plaintiff's Brief at 9-12.) The ALJ found Deel had the residual functional capacity to perform light work, except that Deel could stand for four hours and walk for four hours. In reaching this conclusion, the ALJ noted that Dr. Blackwell, the consultative examiner, limited Deel to standing one to two hours a day, stating: "The remainder of the record does indicate that [Deel's] right knee and lumbar degeneration would limit her standing/walking…about at this level." (R. at 24.) Thus, it appears that the ALJ found Dr. Blackwell's opinion as to Deel's ability to stand and walk persuasive.

The ALJ also stated that the state agency reviewing physicians "gave the claimant limitations similar to those in the [ALJ's] residual functional capacity." (R. at 24.) This statement, however, is in error regarding Deel's ability to stand and walk. Each of the state agency physicians stated that Deel could stand and/or walk only four hours in an eight-hour workday. (R. at 69, 83.) The ALJ stated that he found the opinions of the state agency physicians "partially persuasive." (R. at 24.)

Having found Dr. Blackwell's opinion persuasive and the state agency physician's opinions partially persuasive, the ALJ did not offer any explanation as to why he disregarded all these opinions to find that Deel could stand four hours and walk four hours in a workday. Based on this, I cannot find there is substantial evidence to support the ALJ's finding as to Deel's residual functional capacity, and I will recommend the court remand her claim to the Commissioner for further consideration.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Substantial evidence does not exist in the record to support the ALJ's residual functional capacity findings; and

2. Substantial evidence does not exist in the record to support the Commissioner's finding that Deel was not disabled under the Act and was not entitled to DIB benefits.

## RECOMMENDED DISPOSITION

The undersigned recommends that the court deny Deel's motion for summary judgment and the Commissioner's motion for summary judgment, vacate the Commissioner's decision denying benefits and remand Deel's claim to the Commissioner for further development.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Senior United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   February 9, 2022.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE